## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| WAG ACQUISITION, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BERONATA SERVICES LTD., | § | NO. 2:25-CV-00162-JRG |
| PROWEB PROGRESSIVE | § | |
| DEVELOPMENT LTD., and BNC | § | Jury Trial Demanded |
| TECHNOLOGY AND ADVERTISING | § | |
| LTD., (all d/b/a "bongacams.com," "Bonga | § | |
| Cams," and "BongaCams"), | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS BERONATA SERVICES LTD. AND
## BNC TECHNOLOGY AND ADVERTISING LTD.'S ORIGINAL ANSWER

Defendants Beronata Services LTD. ("Beronata") and BNC Technology and Advertising LTD. ("BNC") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff WAG Acquisition, L.L.C.'s ("WAG") Original Complaint for Patent Infringement ("Complaint") as follows:

## PARTIES

1. Defendants admit that WAG is the Plaintiff in this action. To the extent not specifically admitted, Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, deny the same.

2. Admit.

3. Deny.

4. Admit.

5. To the extent this paragraph contains allegations requiring Defendants to respond, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Deny.

## JURISDICTION AND VENUE

7. Defendants admit that this Court has subject matter jurisdiction over this action. To the extent not specifically admitted, Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, deny the same.

8. Defendants admit that venue is proper in this Court. To the extent not specifically admitted, Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, deny the same.

9. Defendants admit that this Court has personal jurisdiction over Defendants for purposes of this action only. Defendants admit they are foreign entities. Defendants admit that they provide products and services throughout the United States, including within the State of Texas. Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

## THE ASSERTED PATENTS

10. Defendants admit that WAG purports to attach a copy of United States Patent Nos. 10,567,453 (the "'453 Patent"), 8,364,839 (the "'839 Patent"), and 8,185,611 (the "'611 Patent") (collectively, the "Asserted Patents") as Exhibits A, B, and C to the Complaint. To the extent not specifically admitted, Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, deny the same.

11. Defendants admit the Asserted Patents have expired. To the extent not specifically admitted, Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, deny the same.

12. Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, deny the same.

13. Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, deny the same.

14. Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, deny the same.

15. Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, deny the same.

16. Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, deny the same.

17. Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, deny the same.

18. Defendants lack sufficient knowledge or information to determine the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, deny the same.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

## COUNT I: DIRECT INFRINGEMENT OF THE '453 PATENT

20. Defendants repeat, reallege, and incorporate by reference their responses set forth above in the preceding paragraphs as if fully set forth herein.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit that they generate revenue from their streaming services through various methods. To the extent not admitted, Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

38.  Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.  Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## COUNT II: DIRECT INFRINGEMENT OF CLAIM 7 OF THE '839 PATENT

40.  Defendants repeat, reallege, and incorporate by reference their responses set forth above in the preceding paragraphs as if fully set forth herein.

41.  Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.  Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.  Defendants deny the allegations contained in Paragraph 43 of the Complaint.

## COUNT III: DIRECT INFRINGEMENT OF THE '611 PATENT

44.  Defendants repeat, reallege, and incorporate by reference their responses set forth above in the preceding paragraphs as if fully set forth herein.

45.  Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.  Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.  Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.  Defendants deny the allegations contained in Paragraph 48 of the Complaint.

## DEMAND FOR JURY TRIAL

WAG's demand for a jury trial does not require a response. Defendants request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Defendants deny that WAG is entitled to any of the relief requested in the Complaint or any relief whatsoever. Defendants deny all allegations in the Complaint that are not specifically admitted in Paragraphs 1-48 above. Any omission, inadvertent or otherwise, in denying Plaintiff's allegations shall not be deemed to be an admission.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following additional defenses to the Complaint. In doing so, Defendants do not assume any burden of proof on any issue that is WAG's burden as a matter of law. Defendants also reserve the right to amend or supplement these defenses as additional facts become known.

### *First Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim upon which relief may be granted.

### *Second Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because Defendants have not infringed and do not infringe any valid claim of the '453 patent and are not liable for any infringement.

### *Third Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because the asserted claims of the '453 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### *Fourth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because Defendants have not infringed and do not infringe any valid claim of the '839 patent and are not liable for any infringement.

### *Fifth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because the asserted claims of the '839 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### *Sixth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because Defendants have not infringed and do not infringe any valid claim of the '611 patent and are not liable for any infringement.

### *Seventh Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because the asserted claims of the '611 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### *Eighth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because Defendants have engaged in all relevant activities in good faith, thereby precluding WAG, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

### *Ninth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because the relief sought by WAG is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the '453 patent, the '839 patent, and/or the '611 patent.

### *Tenth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because WAG dedicated to the public all methods, systems, and products disclosed in the patents-in-suit but not literally claimed therein.

### *Eleventh Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. To the extent any claim of the patents-in-suit is invalid, WAG is barred from recovering costs by 35 U.S.C. § 288.

### *Twelfth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, laches, acquiescence and/or waiver.

### *Thirteenth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because WAG is not the lawful owner or assignee of the patents-in-suit.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

### PRAYER FOR RELIEF

Accordingly, Defendants pray the Court enter judgment on Plaintiff's Complaint and Defendants' defenses as follows:

a. A judgment in favor of Defendants denying Plaintiff all relief requested in its Complaint and dismissing its Complaint with prejudice;

b. A judgment against Plaintiff finding that Defendants have not infringed, do not infringe, and are not liable for any infringement of any valid and enforceable claim of the Asserted Patents;

c. A judgment against Plaintiff finding that one or more claims of the Asserted Patents are invalid;

d. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Defendants their reasonable attorneys' fees;

e. An award of costs to Defendants;

f. Such other relief as the Court may deem just and proper.

| | |
|---|---|
| July 14, 2025 | Respectfully submitted, |
| | **CHAMPION LLP** |
| | */s/Austin Champion* |
| | Austin Champion<br>Texas Bar No. 24065030<br>Austin.Champion@championllp.com<br>Mark E. Torian<br>Texas Bar No. 24028051<br>Mark.Torian@championllp.com<br>Thaís Amaral Dourado<br>Texas Bar No. 24136704<br>Thais.Dourado@championllp.com<br>---- |
| | 2200 Ross Avenue, Suite 4500W<br>Dallas, Texas 75201<br>214-225-8880 \| Main<br>214-225-8881 \| Fax |
| | **COUNSEL FOR DEFENDANTS BERONATA SERVICES LTD. AND BNC TECHNOLOGY AND ADVERTISING LTD.** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 14, 2025, the foregoing document was filed electronically with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Austin Champion*
Austin Champion

**DEFENDANTS' ORIGINAL ANSWER**                                                                 **PAGE 9**